IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALAN Y. TAKAKI, | ) | CIVIL NO. 13-00345 SOM/RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | AND DENYING APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYMENT OF |
| STARBUCKS HAWAII, | ) | FEES AND REQUEST FOR |
| | ) | APPOINTMENT OF COUNSEL |
| Defendant. | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT
AND DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND REQUEST FOR APPOINTMENT OF COUNSEL**

**I.      INTRODUCTION.**

On July 15, 2013, Plaintiff Alan Y. Takaki filed a Complaint against Starbucks Hawaii, alleging disability discrimination.  See ECF No. 1, ¶ 1.  Takaki claims that he was denied "full and equal enjoyment of goods, service, facilities, and accommodations" because of his disability.  Id. ¶ 1.  In his Complaint, Takaki also seeks maintenance and cure.  Id. ¶ 12-13. Takaki also filed an Application to Proceed Without Prepayment of Fees ("Application") and a Request for Appointment of Counsel ("Request").  See ECF Nos. 3, 4.  The court has screened the Complaint and determined that it fails to state a claim on which relief may be granted.  Accordingly, the court dismisses the Complaint and denies the Application and Request.  The court grants Takaki leave to amend his Complaint.

**II.       BACKGROUND.**

On January 16, 2013, at around 4:45 am, Takaki was seated at the only designated table for handicapped persons in the Kapahulu Avenue Starbucks. ECF No. 1, ¶ 6. Takaki alleges that a female shop manager rudely and offensively told him that he had to give up the table after two hours and had to make a purchase every hour or leave the premises. Id. After he questioned the manager's manner of speaking, Takaki was allegedly told that the police would be called if he did not leave the shop immediately. Id. Takaki further claims that he was subjected to the same rude and offensive treatment for the following two weeks, until January 31, 2013. Id. Although Takaki says he was treated this way because of his disability, see id. ¶ 1, there are no facts alleged supporting that conclusory allegation. Takaki does not, for example, allege that nondisabled individuals were allowed to sit in the coffee shop without a time limit.

Takaki alleges that he has suffered and will continue to suffer as a result of the defamation of character that he experienced. Id. ¶ 7. Takaki also alleges that he "shall potentially lose [his] livelihood" because he was embarrassed in front of his peers who refer clients to him. Id. ¶ 9, 10. Takaki claims that he lost two potential clients who could have brought in $700,000 in income. Id. ¶ 8. Furthermore, Takaki alleges that he has not received a single call requesting his

services as a Mortgage Fraud Consultant since January 31, 2013. Id. ¶ 11.

**III.     ANALYSIS.**

    **A.    Takaki's Application is Denied.**

        **1.    Takaki Has Not Shown that He is Unable to Prepay Court Fees.**

To proceed in forma pauperis, Takaki must demonstrate that he is unable to prepay the court fees, and that his Complaint sufficiently pleads claims. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (applying in forma pauperis requirements to nonprisoners).

The Application indicates that Takaki has $1,615.00 in cash or in a checking or savings account and owns a van valued at approximately $500.00. Takaki's expenses include rent and utilities in the amount of $395.00 per month and medical-related debt of over $50,000. The Application also indicates that Takaki receives disability or worker's compensation payments. However, Takaki does not describe, as instructed on the Application, the source of his payments, the amount received, and the amount he expects to receive in the future. Nevertheless, Takaki says his gross pay or wages total $1,455.00 per month, which means $17,460 per year. According to the 2013 Federal Poverty Guidelines, the poverty guideline for a single individual residing in Hawaii is $13,230. Thus, Takaki's yearly income is greater than the

Federal Poverty Guideline and he is not entitled to proceed in forma pauperis.

### 2. **Takaki's Complaint Fails to State a Claim on Which Relief May Be Granted.**

Further, even if Takaki's income was below the Federal Poverty Guideline, the Application would be denied because the Complaint does not sufficiently plead claims. Pursuant to 28 U.S.C. § 1915(e), the court subjects every in forma pauperis proceeding to mandatory screening and orders the dismissal of the complaint if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez, 203 F.3d at 1126–27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

It appears that, in Count I, Takaki asserts discrimination under the Americans with Disabilities Act ("ADA"). Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Takaki fails to assert a valid claim for relief because he does not allege facts supporting his allegations of discrimination by Starbucks.  Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).  "Naked assertions devoid of further factual enhancement" that suggest only a "mere possibility of misconduct" are not enough to state a claim for relief.  Id. at 698.

Takaki makes only a conclusory statement that discrimination has occurred.  Takaki merely asserts that, "if not for [his] disability, [he] would not have been denied the full and equal enjoyment of goods, service, facilities, and accommodations, at the shop located at 625 Kapahulu Avenue."  See ECF No. 1, ¶ 6.  Takaki does not allege any facts showing that he was treated differently from other customers because of his

disability or that he suffered discrimination because of his disability.  The court dismisses Count I because Takaki fails to state a cognizable claim upon which relief can be granted, but gives Takaki leave to amend his Complaint.

Count III (the Complaint does not contain a Count II) asserts maintenance and cure, which is a maritime law doctrine.[1]  Under general maritime law, a seaman who is injured or becomes ill while in the service of a ship is entitled to maintenance and cure by his employer.  See Gardiner v. Sea-Land Serv., 786 F.2d 943, 945-46 (9th Cir. 1986).  Takaki provides no basis for this claim.  None of the allegations in the Complaint is relevant to maritime law.  Takaki does not allege an injury during the course of employment on a ship.  Therefore, Count III fails to assert a claim on which relief may be granted.

Takaki has not shown that he is unable to prepay the court fees.  Additionally, even if he were unable to pay, his Complaint is deficient and does not state a claim upon which relief may be granted.  This court denies Takaki's Application and dismisses his Complaint with leave to amend.

**B. Takaki's Request for Counsel is Denied.**

Pursuant to Title VII, a district court has the discretion to appoint counsel "in such circumstances as the court

---

[1] Takaki mentions Defamation of Character in his Complaint, see ECF No. 1, ¶ 7, but does not assert a defamation claim.

may deem just." 42 U.S.C. § 2000e-5(f)(1)(B).  In determining whether to appoint counsel, the court should examine: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel on his or her own, and (3) the merit of the plaintiff's claim.  Johnson v. U.S. Treasury Dept., 27 F.3d 415, 417 (9th Cir. 1994).

Takaki's income exceeds the 2013 Federal Poverty Guidelines.  Takaki reports that he contacted three attorneys to request representation in this action.  Contacting only three attorneys is insufficient to establish that Takaki made a reasonably diligent effort to obtain counsel and was unable to find an attorney who was willing to represent him on terms that he could afford.  Finally, Takaki's allegations do not state a claim upon which relief may be granted.  Accordingly, Takaki's request fails to justify the appointment of counsel and is denied.

**VI.      CONCLUSION.**

The court dismisses the Complaint and denies the Application and Request but grants Takaki leave to amend his Complaint no later than August 23, 2013.  If Takaki amends the Complaint, Takaki must pay the applicable filing fee.  Failure to file an Amended Complaint by August 23, 2013, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 29, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Alan Y. Takaki v. Starbucks Hawaii, Civ. No. 13-00345 SOM/RLP; ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REQUEST FOR APPOINTMENT OF COUNSEL