IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALAN Y. TAKAKI, | ) | CIVIL NO. 13-00424 SOM/BMK |
| | ) | |
| Plaintiff, | ) | ORDER CONSOLIDATING CASES |
| | ) | (CIV. NOS. 13-00345 SOM/RLP, |
| vs. | ) | 13-00424 SOM/BMK); ORDER |
| | ) | DISMISSING COMPLAINT IN CIV. |
| STARBUCKS HAWAII, | ) | NO. 13-00424 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER CONSOLIDATING CASES (CIV. NOS. 13-00345, 13-00424); ORDER DISMISSING COMPLAINT IN CIV. NO. 13-00424**

**I.      INTRODUCTION AND BACKGROUND.**

On July 15, 2013, Plaintiff Alan Y. Takaki filed a Complaint against Starbucks Hawaii, alleging disability discrimination.  See Complaint, Civ. No. 13-00345, ECF No. 1. The court denied the Application and dismissed the Complaint. See Order Dismissing Complaint and Denying Application to Proceed without Prepayment of Fees and Request for Appointment of Counsel ("Order"), Civ. No. 13-00345, ECF No. 6.  The court granted Takaki leave to amend his Complaint no later than August 23, 2013.  See id.  The Order also stated that failure to amend the Complaint by August 23, 2013, would result in its automatic dismissal.  Id.  Takaki failed to timely amend his Complaint, and judgment was entered on August 27, 2013.  See Clerk's Judgment, Civ. No. 13-00345, ECF No. 7.

On the day that judgment was entered, Takaki filed the identical Complaint in a new action against Starbucks.  See

Complaint, Civ. No. 13-00424, ECF No. 1.  Takaki also filed another Application to proceed in forma pauperis.  See Application to Proceed Without Prepayment of Fees or Costs, Civ. No. 13-00424, ECF No. 4.

After careful consideration of the record, the court consolidates the two cases, Civil Nos. 13-00345 and 13-00424, and dismisses the Complaint in Civil No. 13-00424.

**II.    LEGAL STANDARD.**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In exercising its broad discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  A court may consolidate cases *sua sp*onte or upon motion.  In re Adams Apple, Inc., 829 F.2d 1484, 1487 (9th Cir. 1987).

**III.   ANALYSIS.**

Takaki was told to amend his Complaint but did not do so.  See Order, Civ. No. 13-00345, ECF No. 6, PageID # 24.  Instead of timely filing an amended Complaint in the previous action, Takaki filed an in forma pauperis application and refiled

2

the identical Complaint in a new action.  The new Complaint not only includes the exact same language, allegations, and prayer for damages as the original Complaint, Takaki even failed to change the date of the new Complaint.  <u>Compare</u> Complaint, Civ. No. 13-00345, ECF No. 1, <u>with</u> Present Complaint, Civ. No. 13-00424, ECF No. 1.  This court consolidates the cases because they are identical.  Moreover, because this court dismissed the identical Complaint in the previous case, the Present Complaint is dismissed for the reasons set forth in the order of July 29, 2013 in Civil No. 13-00345.

Given this dismissal the new Application is denied as moot.

**IV.     CONCLUSION.**

The court consolidates Civil Nos. 13-00345 and 13-00424 because the Complaints in them are identical.  The court dismisses the Complaint in Civil No. 13-00424 for the reasons set forth in the order of July 29, 2013 in Civil No. 13-00345.  The Application filed in Civil No. 13-00424 is denied as moot.

The Court of Clerk is ordered to enter judgment in Civil No. 13-00424.  Because Judgment has already been entered in Civil No. 13-00345, <u>see</u> Clerk's Judgment, Civ. No. 13-00345, ECF No. 7, Takaki cannot file an identical Complaint in a new case. If Takaki wants to file an amended Complaint in Civil No. 13-00345 and can show the court he can meet the standards of Rule

59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, he can file a timely motion seeking appropriate relief under one or both of those rules.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, September 6, 2013.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

Alan Y. Takaki v. Starbucks Hawaii, Civ. No. 13-00345 SOM/RLP; ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REQUEST FOR APPOINTMENT OF COUNSEL